**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL J. CARROLL,**

|  |  |
|---|---|
| **Plaintiff,** | **CIVIL ACTION NO. 13-CV-15281** |
| **vs.** | **DISTRICT JUDGE LAWRENCE P. ZATKOFF** |
|  | **MAGISTRATE JUDGE MONA K. MAJZOUB** |

**OAKLAND COUNTY POLICE**
**DEPARTMENT, et al.,**

**Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Carroll, currently a prisoner at the Kinross Correctional Facility in Kincheloe, Michigan, filed this action under 42 U.S.C. § 1983 against Defendants Oakland County Sheriff's Department, Auburn Hills Police Department, Blue Cross Blue Shield of Michigan, Police Officers Zora, Garcia, and Gracey, and seven other unnamed officers.  (Docket no. 1.)  Plaintiff alleges that Defendants "used excessive force, deliberate indifference, gross negligence, [and] cruel and unusual punishment when they apprehended and arrested plaintiff thereby giving rise to a violation of plaintiff's [constitutional rights]."  (*Id.*)    Before the Court is Defendant BCBSM's Motion to Dismiss.  (Docket no. 25.)  Plaintiff has not filed a Response.  All pretrial matters have been referred to the undersigned for consideration. (Docket no. 7.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I.      Recommendation

For the reasons stated herein, the undersigned recommends granting Defendant's Motion to

1

Dismiss [25].

## II.    Report

### A.    Facts

Plaintiff alleges that on January 21, 2013, he was involved as the driver in a high-speed chase with Oakland County and Auburn Hills police officers. (Docket no. 1 at 9.) When Plaintiff stopped, the officers surrounded the car, drew their weapons, and told Plaintiff to put his hands in the air. (*Id.*) Plaintiff alleges that Defendant Zora broke out Plaintiff's window and that the officers then pulled Plaintiff through the broken window, causing injury. (*Id.*)

Plaintiff alleges that Defendant Zora then handcuffed him and held him on the ground while the other Defendant officers kicked and stomped on him. (*Id.* at 10.) Plaintiff alleges that Defendants then "violently pulled [him] up off the ground," and he was walked to a patrol car. (*Id.*) Plaintiff claims that he then complained that his ribs were broken, so Defendant Zora took him to Pontiac Osteopathic Hospital. (*Id.*) Plaintiff alleges that after he was checked out by doctors, he was transferred to Oakland County Jail where he was placed in a holding cell for five days without being allowed to shower or clean his wounds. (*Id.* at 11.) Plaintiff alleges that Defendant BCBSM's liability arises from "an inadequate training policy and or custom that insures [the officers] to use excessive force which was the moving force behind the assault against Plaintiff." (*Id.*)

### B.    Governing Law

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281

F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth;" and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

C.    **Analysis**

Defendant argues that "[t]he five allegations against BCBSM in Plaintiff's complaint . . . are repetitive, nonsensical and frivolous." (Docket no. 25 at 8.) Moreover, Defendant contends, "BCBSM played no role whatsoever in any of the events complained of in the Complaint," and "[t]he Complaint fails to espouse any theory whatsoever that could conceivably lead to liability on

3

the part of BCBSM." (*Id.*) The undersigned agrees.

As Defendant notes, the Complaint contains no factual allegations of any kind against BCBSM. Paragraph 17 states that BSBSM is "a municipal insurance corporation that has a direct causal link between its policy or custom which allows its insured OCSD and AHPD officers to make arrest(s) and use excessive force when doing so." (Docket no. 1 ¶17.) Paragraph 47 states that "BCBSM has an inadequacy (sic) training policy and or custom that insures OCSD and AHPD officers' to use excessive force which was the moving force behind the assault against Plaintiff." (*Id.* ¶47.) Plaintiff's "Cause of Action" numbers 37 though 40 state that "BCBS, having a policy or custom protecting and allowing OCSD and AHPD to have a policy or custom in their inadequacy (sic) training which allowed the officers' (sic) . . . to snatch Plaintiff out of his HHR broken window without plaintiff resisting arrest, physically injuring plaintiff was done (sic) knowingly, maliciously, recklessly and wantonly" resulting in various constitutional violations. (*Id.* ¶¶85-88.) And Plaintiff's "Cause of Action" number 41 states that the same policy allowed Defendants to beat Plaintiff in violation of the Fourth and Eighth Amendments. (*Id.* ¶89.)

Plaintiff's claim is not entirely discernible, but he appears to allege that Defendant provides Oakland County and Auburn Hills with training and insurance policies that protect their officers if they commit constitutional violations. But as Defendant contends, Plaintiff's claims do not rise above a speculative level. Plaintiff does not allege that Defendant committed any acts in relation to his arrest, and Defendant does not provide either department with training on an insurance policy regarding the officers' duties. (*See* docket no. 25 at 12.) Therefore, Defendant BCBSM's Motion to Dismiss should be granted.

**D.      Conclusion**

For the reasons stated above, the undersigned recommends granting Defendant's Motion to Dismiss [25].

**III.     Notice to Parties Regarding Objections**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  July 30, 2014                                  s/ Mona K. Majzoub
                                                                  MONA K. MAJZOUB
                                                                  UNITED STATES MAGISTRATE JUDGE

### **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on  counsel of record and on Plaintiff Michael Carroll on this date.

Dated:  July 30, 2014                                s/ Lisa C. Bartlett
                                                                   Case Manager