UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. CARROLL,

    Plaintiff,

v.

Case No. 13-15281
Honorable Denise Page Hood

OAKLAND COUNTY POLICE DEPARTMENT,
AUBURN HILLS POLICE DEPARTMENT,
BLUE CROSS BLUE SHIELD, OFFICER ZORA,
OFFICER GARCIA, OFFICER GRACEY, and
JOHN DOES (1-7),

    Defendants.
_____/

### ORDER ACCEPTING IN PART AND ADOPTING IN PART NOVEMBER 17, 2014 REPORT AND RECOMMENDATION
### and
### ORDER DISMISSING ACTION

This matter is before the Court on a Report and Recommendation (Doc. No. 69) filed by Magistrate Judge Mona K. Majzoub. On November 25, 2014, Defendants filed Objections to the Report and Recommendation. (Doc. No. 71) Plaintiff filed his Objections to the Report and Recommendation on December 1, 2014 to the Report and Recommendation filed December 30, 2014 (Doc. No. 74).

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or

recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the November 17, 2014 Report and Recommendation and the Objections thereto, the Court agrees with the Magistrate Judge that Plaintiff's claim of *pre-arrest* excessive force must be dismissed against the individual Oakland County Sheriff Department's officers. As to the *post-arrest* excessive force claims, the Magistrate Judge recommended that Defendants Sergeant Yassir Zora, Deputy Ruben Garcia and Deputy Ronald Gracey's Motion for Summary Judgment on this claim should be denied and that Plaintiff's Motion to Amend with regard to these claims against these three Defendants should be granted. However, the Court's review of the proposed Amended Complaint (Doc. No. 41) finds that Plaintiff did not set forth any factual allegations as to any post-arrest excessive force claim against the

individual Defendants Zora, Garcia and Gracey. Specifically addressing the post-arrest excessive force claim, in paragraph 8, Plaintiff alleges, "As plaintiff lay on the ground handcuffed plaintiff was still being assaulted without reason by *unknown polices* (sic) (will have to review camera) while other deputies and officers stood by not intervening at all." (Doc. No. 41, pg ID 208) Paragraph 9 further states, "After being lifted off the ground and being escorted by Sgt. Zora's cruiser another *unknown deputy or officer* (review camera's) came and punched the plaintiff in the ribs." (Doc. NO. 41, Pg ID 208) Based on the proposed Amended Complaint, Plaintiff fails to state any factual allegations to support his post-arrest excessive force claims against Defendants Zora, Garcia and Gracey. The Oakland County individual Defendants Zora, Garcia, and Gracey are dismissed from the Complaint and Amended Complaint as to Plaintiff's excessive force claim and related assault and battery claim.

The Court agrees with the Magistrate Judge that the claims against the Auburn Hills Police Department and the Oakland County Sheriff's Department are dismissed because these entities are not separate legal entities that can be sued. As to the proposed claims against the municipalities the City of Auburn Hills and Oakland County, the Court agrees with the Magistrate Judge that there are no plausible factual allegations as to Defendants City of Auburn Hills and Oakland County relating to the claims based on unconstitutional customs, policy and practice and failure to provide

3

adequate training.

The Court also agrees with the Magistrate Judge that Plaintiff has failed to state a claim under the Eighth Amendment since the excessive force claims during an arrest are properly addressed under the Fourth Amendment.

Regarding the proposed claims against Detective Marougi and Deputies Garza and Dennis alleged in the Amended Complaint asserting they committed perjury during the prosecution of the underlying state criminal action, the Court agrees with the Magistrate Judge that these claims are barred by *Heck*, since any finding in favor of Plaintiff "would necessarily imply the invalidity of his conviction." *Heck v. Humphrey,* 512 U.S. 477, 487 (1990).

The Court agrees with the Magistrate Judge that Plaintiff's state-law claims against the individual Defendants must be dismissed. However, as to Plaintiff's post-arrest assault and battery claim alleged in his proposed Amended Complaint, that claim remains, but as to the "unknown deputy or officer" since Plaintiff's post-arrest excessive force claim remains. Because Plaintiff has not identified the unnamed defendants in this case and the time to serve process has passed, the Court will not allow the claims against the unknown defendants to move forward. Fed. R. Civ. P. 4(m); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 346 n. 3 (6th Cir. 2007). Plaintiff was given the opportunity to identify the unnamed defendants by the

Magistrate Judge when an Order to Show Cause was issued why the unnamed defendants should not be dismissed for failure to effect timely service of process. (Doc. No. 36) Plaintiff responded that he had submitted the proposed Amended Complaint indicating he had received the information required to amend his complaint including the names of the deputies and officers involved. (Doc. No. 39) Plaintiff did not indicate in his response that he required further information as to any other unnamed defendants.

The Magistrate Judge recommends that the claims and proposed claims against the Auburn Hills Police Department officers should be dismissed since there is no genuine issue of material fact that these officers had any contact with Plaintiff and there are no factual allegations as to these Defendants. The Magistrate Judge also recommends that the proposed claims against Oakland County Sheriff Deputies Wheatcroft, Ginnel, Sharma, Miller and Sergeants Ramsey and Miller should be dismissed since there are no factual allegations as to these Defendants in the proposed Amended Complaint. The Magistrate Judge further recommends that the proposed claims against Sheriff Bouchard should be denied since there are no factual allegations against him and the theory of *respondeat superior* does not apply. As to Plaintiff's proposed conspiracy claim, the Magistrate Judge recommends that the proposed Amended Complaint fails to state such a claim. After review of the Complaint and

the proposed Amended Complaint, the Court agrees with the Magistrate Judge that there are no plausible factual claims against these Defendants and that there are no facts to support a conspiracy claim.

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Mona K. Majzoub's Report and Recommendation (**No. 69**) is ACCEPTED AND ADOPTED IN PART, as more fully set forth above, except for the recommendation that the post-arrest excessive force and post-arrest assault and battery claims against Defendants Zora, Garcia and Gracey remain. These Defendants must be dismissed since there are no factual allegations against them in the proposed Amended Complaint as to the post-arrest excessive force and post-arrest assault and battery claims.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint (**No. 40**) is DENIED since Plaintiff failed to identify the "unknown" deputies and officers as alleged in Paragraphs 8 and 9 of the Amended Complaint (Doc. No. 41) and the rest of the proposed claims against the proposed named-Defendants fail to state a claim upon which relief may be granted and such claims would be futile.

IT IS FURTHER ORDERED that Defendants Garcia, Gracey, Zora, Oakland County Police Department, Oakland County Sheriff's Motion for Summary Judgment (**No. 43**) is GRANTED.

IT IS FURTHER ORDERED that Defendant Auburn Hills Police Department's Motion for Summary Judgment **(Doc. No. 56)** is GRANTED.

IT IS FURTHER ORDERED that the following Defendants are DISMISSED with prejudice: Oakland County Sheriff, Oakland County Police Department, Auburn Hills Police Department, Blue Cross Blue Shield (see Order No. 45), Officer Zora, Officer Garcia, and Officer Gracey. John Does 1-7 are DISMISSED without prejudice since the time to serve these Defendants has passed. (See Order Nos. 36 and 42; Fed. R. Civ. P. 4(m); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 346 n. 3 (6th Cir. 2007)).

IT IS FURTHER ORDERED that Defendants' Objection to the Report and Recommendation **(Doc. No. 71)** is SUSTAINED.

IT IS FURTHER ORDERED that Plaintiff's Objection to the Report and Recommendation **(Doc. No. 73)** is OVERRULED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time **(Doc. No. 58)**, Motion for Extension to File to File Answer **(Doc. No. 59),** Plaintiff's Motion to Stay **(Doc. No. 65)**, Plaintiff's Requests for subpoena records and for appointment of counsel **(Doc. Nos. 76, 77, 78)** are DENIED as MOOT.

IT IS FURTHER ORDERED and certified that any appeal from this decision would be frivolous and not taken in good faith, except for the *post-arrest* excessive

force and assault and battery claim. An appeal may not be taken *in forma pauperis* under 28 U.S.C. § 1915(a)(3) unless certified. *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)). The Court certifies for appeal purposes only the claims for the *post-arrest* excessive force and assault and battery.

  IT IS FURTHER ORDERED that this action is DISMISSED with prejudice as to the named-Defendants and without prejudice as to John Does 1-7.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager